# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE:     ROBERT WASHINGTON AND     CASE NO.: 09-30014-DHW-13
              GLORIA WASHINGTON,               CHAPTER 13
              DEBTORS

### *JOINT STIPULATION OF FACTS AND STATEMENT OF THE ISSUES MATERIAL TO TRUSTEE'S OBJECTION TO CONFIRMATION*

COMES NOW the debtor, by and through the undersigned counsel, and the Chapter 13 Trustee, by and through the undersigned counsel, and pursuant to this Court's order offer the following joint stipulation of facts and statement of the issues for the Court's consideration of the Trustee's objection to confirmation of the debtor's plan:

### *JOINT STIPULATION OF THE FACTS*

1. Debtor filed for relief pursuant to Chapter 13 on January 5, 2009. The provisions of BAPCPA apply.

2. The debtors have proposed a chapter 13 plan which provides that nothing (0%) be paid to their unsecured creditors.

2. The debtors list $953.33 per month in income on schedule I from unemployment compensation. The debtor receives this unemployment compensation as a result of his prior employment with Aerotek Temp Services.

3. On the debtors' Form B22C, line 8, the debtor lists $146.67 on the left hand side of B22C as the six month average of the unemployment compensation income. However, the debtors did not list the $146.67 on the corresponding right hand side of B22C as income for the disposable income calculations.

4. These debtors are above median income debtors within the meaning of BAPCPA.

1

5. After applying the means test to the income listed by the debtors on their B22C form, they have negative disposable income of -$53.05. If this negative -$53.05 figure is correct, then this debtors' chapter 13 plan proposing to pay 0% to unsecured creditors is due to be confirmed as it would comply with the disposable income test. If the $146.67 in unemployment compensation were included in the debtors' disposable income calculations, this would result if positive income of $93.62 on line 59 of B22C. $93.62 in disposable income would result in a POT of $5,617.20 for the benefit of the debtors' unsecured creditors and the debtors' plan would not be confirmed as it would fail the disposable income test.

### *JOINT STATEMENT OF THE ISSUE*

1. Whether or not the debtors' unemployment compensation is a benefit under the Social Security Act and should be included in the debtors' disposable income calculations.

2. Whether the debtors' plan meets the disposable income test within the mandates of §1325 of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005?*

Jointly submitted this 22nd day of April 2009.

/s/ Vonda McLeod                        /s/ Sabrina L. McKinney
Vonda McLeod                            Sabrina L. McKinney
Attorney for the Debtors               Attorney for the Trustee