# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE:     ROBERT WASHINGTON AND     CASE NO.: 09-30014-DHW-13
            GLORIA WASHINGTON,     CHAPTER 13
            DEBTORS

## *TRUSTEE'S BRIEF IN SUPPORT OF*
## *OBJECTION TO CONFIRMATION OF DEBTORS' PLAN*

COMES NOW the Chapter 13 Trustee, by and through the undersigned counsel, and pursuant to this Court's order offers the following brief in support of the Trustee's objection to confirmation of the debtors' plan:

## *STATEMENT OF THE FACTS*

1. The facts in this case are not in dispute and pursuant to this Court's submission order, the parties have entered into a joint stipulation of the facts in this case.

2. Debtor filed for relief pursuant to Chapter 13 on January 5, 2009. The provisions of BAPCPA apply.

3. The debtors have proposed a chapter 13 plan which provides that nothing (0%) be paid to their unsecured creditors.

4. The debtors list $953.33 per month in income on schedule I from unemployment compensation. The debtor receives this unemployment compensation as a result of his prior employment with Aerotek Temp Services.

5. On the debtors' Form B22C, line 8, the debtor lists $146.67 on the left hand side of B22C as the six month average of the unemployment compensation income. However, the debtors did not list the $146.67 on the corresponding right hand side of B22C as income for the disposable income calculations.

1

6. These debtors are above median income debtors within the meaning of BAPCPA.

7. After applying the means test to the income listed by the debtors on their B22C form, they have negative disposable income of -$53.05. If this negative -$53.05 figure is correct, then this debtors' chapter 13 plan proposing to pay 0% to unsecured creditors is due to be confirmed as it would comply with the disposable income test. If the $146.67 in unemployment compensation were included in the debtors' disposable income calculations, this would result in positive income of $93.62 on line 59 of B22C. $93.62 in disposable income would result in a POT of $5,617.20 for the benefit of the debtors' unsecured creditors and the debtors' plan should not be confirmed as it would fail the disposable income test.

## *STATEMENT OF THE ISSUES*

1. Whether or not the debtors' unemployment compensation is a benefit "under the Social Security Act" and should be included in the debtors' disposable income calculations.

2. Whether the debtors' plan meets the disposable income test within the mandates of §1325 of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005?*

## *TRUSTEE'S ARGUMENT*

Section 1325(b)(1) provides that if the Trustee objects to confirmation of the debtors' plan, then the court "may not approve the plan unless, … the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period …will be applied to make payments to unsecured creditors under the plan." Section 1325(b)(2) provides that the term "disposable income" means "current monthly income." Section 101(10A) defines the term "current monthly income" as

> (A) the average monthly income *from all sources* that the
> debtor receives (or in a joint case the debtor and the debtor's
> spouse receive) *without regard to whether such income is*

2

Case 09-30014    Doc 29    Filed 05/12/09    Entered 05/12/09 14:55:18    Desc Main
Document      Page 2 of 7

> *taxable income,* derived during the 6-month period ending…and
>
> (B) includes any amount paid by any debtor other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), *but excludes benefits received under the Social Security Act.…*(*emphasis added*).

It is the phrase "but excludes benefits received under the Social Security Act" that is the issue in this case. In the debtors' response to the Trustee's objection to confirmation, they contend that unemployment compensation is a benefit received under the Social Security Act and should therefore be excluded from their "current monthly income" (CMI) calculations. The debtors cite to sections of the unemployment compensation statute that refer to the Social Security Act as indicative that all unemployment compensation benefits are "benefits under the Social Security Act." This is not the case. Unemployment compensation is funded by moneys paid into the fund by employers as contributions for an insurance fund where employees who may become unemployed participate in the fund.

Prior to the implementation of BAPCPA, the courts have long held that unemployment compensation is disposable income for the purposes of chapter 13. See *In re Hickman*, 104 B.R. 374 (Bankr. D. Colo. 1989), *In re Compton*, 88 B.R. 166 (Bankr. S.D. Ohio 1988) and *In re Overtreet*, 23 B.R. 712 (Bankr. W.D. La. 1982). Very little was excluded from disposable income prior to the implementation of BAPCPA. In fact, this Court has held that even social security benefits, while exempted from property of the estate, are still disposable income for the purposes of determining what must be paid for unsecured creditors. See *In re Salter*, 2007 WL 1076686 (Bankr. M.D. Ala. April 4, 2007).

It was only with a recent amendment to form B22C that the debtor was allowed to "decide" if his or her unemployment compensation is included in the calculation of CMI. Line 8 of form B22C requires that the debtor list any unemployment compensation received during the 6 month CMI period. The form then goes on to state "However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below."

The relationship between the states, the federal government and the nature of unemployment compensation was explored by the bankruptcy court in the case of *In re Baden*, 396 B.R. 617 (Bankr. M.D. Pa. 2008). In *Baden*, the court cited to an article by Judge Wedoff, *Means Testing in the New §707(b)*, 79 Am. Bankr. L.J. 231 (Spring 2005) where it is explained that unemployment compensation benefits are not benefits under the Social Security Act. Unemployment compensation programs are programs that are provided to its citizens by the states, not the federal government. Unemployment compensation funds are state funds in "a state run program that merely receives assistance from the federal government, similar to the federal highway funds which are provided by the federal government, but the benefit is provided by the state in 'administering the program using some federal funds.'" 42 U.S.C. §501 states that the funds provided by the Social Security Act are "for the purpose of assisting the States in the administration of their unemployment compensation laws…" Unemployment compensation benefits are not "social security" benefits as the funds that are provided for the assistance of the state with its unemployment compensation programs is only for administrative assistance, not an actual "social security" benefits to be paid as such. The *Baden* court also looked to the intent of Congress to "protect the Bankruptcy system from being abused by ensuring that those who could

4

afford to pay their debts did pay."

After examining the intent of Congress with BAPCPA, the *Baden* court also looked to the Internal Revenue Code for guidance in determining the definition of "income" because

> …the distinction between 'income from all sources' and 'taxable income' in §101(10A) is similar to the Internal Revenue Code distinction between 'gross income' and 'taxable income.' Wedoff, *supra*, at 245. The Internal Revenue Code explicitly includes unemployment compensation in the calculation of 'gross income,' 26 U.S.C. §85, while excluding it from the calculation of Medicare, prescription drug subsidies which are provided for under the Social Security Act, 26 U.S.C. §§138, 139A. Additionally, the Internal Revenue Code does not define unemployment compensation as a benefit or payment received under the Social Security Act. Compare 26 U.S.C. §85 with 26 U.S.C. §§86, 138, 139A. The use of the Internal Revenue Code for guidance is supported by Congress' reliance on the Internal Revenue Code in drafting the provisions for determining a debtor's monthly disposable income. See §707(b)(2).

The *Baden* court's rationale in referring to the Internal Revenue Code (IRC) is further supported by other court's reference to the IRC for guidance. The court in *In re Warren*, 2007 WL 2916563 (Bankr. D. Mont. 2007) also found the IRC as persuasive when determining the intent of Congress with its definition of "income" in §101(10A). While the issue in *Warren* was not that of unemployment compensation, the *Warren* court included unemployment compensation in its list of "income" to be included when determining disposable income, using the IRC as a guide.

The court in *In re Seymoure*, 2008 WL 1809309 (D.N.J. 2008), while deciding an issue involving a stay violation also examined the nature of unemployment compensation benefits. The *Seymoure* court, citing to *In re Mewborn*, 367 B.R. 529 (Bankr. D. N.J. 2006) held that

> "…unemployment compensation is a societal contract and not an entitlement." *Mewborn*, 367 B.R. at 539. Unemployment benefits are not a form of social welfare such as social security benefits.

5

> Individuals do not personally contribute to any unemployment
> benefits fund as they do with social security benefits; rather, they
> give to an unemployment insurance fund, which serves as a form
> of societal insurance. Additionally, individuals do not have a
> property right to the unemployment benefits as they do with social
> security benefits because there is no statutory entitlement. Further,
> unemployment benefits can be discontinued whereas individuals
> are never disqualified from receiving social security benefits.

The debtors cite to the court the cases of *In re Munger*, 370 B.R. 21 (Bankr. Mass 2007), *In re Barfknecht*, 378 B.R. 154 (Bankr. W.D. Tex. 2007) and *In re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007) as holding that unemployment compensation is "under the Social Security Act" and therefore should be excluded from CMI. The *Baden* court as cited above did not find the courts' rulings in *Sorrell* and *Munger* as persuasive. The *Baden* court held that unemployment compensation is not "under the Social Security Act" and the debtors' unemployment compensation should therefore be included in the debtor's CMI.

## ***CONCLUSION***

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court for a finding that unemployment compensation is not a payment "under the Social Security Act" and as such should be included in the debtors' current monthly income calculations. If the Court should find that unemployment compensation benefits are disposable income, then the confirmation of the debtors' plan as proposed is due to be denied. The Trustee further moves this Court for any such and other relief which the Court deems appropriate.

Respectfully submitted this 12th day of May 2009.

                                    Curtis C. Reding
                                    Standing Chapter 13 Trustee

                           By:   /s/   Sabrina L. McKinney
                                       Sabrina L. McKinney

Staff Attorney for the Trustee
ASB-3162-I71S

Office of the Chapter 13 Trustee
166 Commerce St., Ste. 202
P. O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
Email: mckinneys@ch13mdal.com

## CERTIFICATE OF SERVICE

 I, Sabrina L. McKinney, do hereby certify that a copy of the foregoing document has been served on the parties listed below either by electronic filing or by placing same in the United States Mail, postage prepaid and properly addressed, this 12th day of May 2009.

         /s/ Sabrina L. McKinney
         Sabrina L. McKinney


 Richard Shinbaum and Vonda McLeod (via Electronic filing)
 Attorneys for the Debtors

 Robert and Gloria Washington (via U.S. Mail)
 Debtors

7