# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

ROBERT L. WASHINGTON, III.
GLORIA JEAN WASHINGTON,

      Debtors.

Case No. 09-30014-DHW
Chapter 13

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND CONDITIONALLY DISMISSING CASE

The chapter 13 trustee objected to confirmation of the plan proposed by the debtors contending that they improperly excluded unemployment compensation receipts from the calculation of disposable income. Upon consideration of the undisputed facts, the law, and the briefs of the parties, the court concludes that the trustee's objection to confirmation must be sustained.

### Jurisdiction

This court's jurisdiction is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because the issue presented here concerns the confirmation of a plan, this is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(L) thereby extending the court's jurisdiction to the entry of a final order or judgment.

### Undisputed Facts

On April 22, 2009, the trustee and the debtors filed a joint stipulation of undisputed facts. The court adopts the joint statement as the facts in this case and summarizes them as follows.

The debtors filed this chapter 13 case on January 5, 2009. Their proposed plan provides that nothing be paid to unsecured creditors.

The income of the debtors exceeds the median income for Alabama

households of the same size. During the six months preceding this case, the debtors received an average of $146.67 per month in unemployment compensation benefits. They did not, however, include these benefits in the computation of disposable income on Form B22C. Inclusion of the benefits would result in disposable income of $5,617.20 to be paid to unsecured creditors over the applicable commitment period.

## Legal Conclusions

11 U.S.C. § 101(10A)(B) excludes "benefits received under the Social Security Act" from the definition of "current monthly income." The sole issue presented here is whether unemployment compensation benefits are "received under the Social Security Act." *Id.* If so, those benefits are properly excluded from the disposable income calculation, and the plan may be confirmed. If not, the plan fails to satisfy the disposable income test requirement and cannot be confirmed as currently proposed.

As of this writing, there are only three reported decisions addressing this narrow issue of law. Two bankruptcy courts have held that unemployment compensation is a benefit received under the Social Security Act. *See In re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007); *In re Munger*, 370 B.R. 21 (Bankr. D. Mass. 2007). A third bankruptcy court has held that unemployment compensation is not a "benefit received under the Social Security Act" as that phrase is used in 11 U.S.C. § 101(10A)(B). *See In re Baden,* 396 B.R. 617 (Bankr. M.D. Pa. 2008).

Just as there is a split among the courts concerning this issue, there is also a split among leading commentators. For example, one treatise states as follows:

> Unemployment benefits are provided for in Titles III, XII, XIII, and XV [of the Social Security Act]. . . . While many of these programs primarily benefit lower income families not affected by the means test, a debtor may receive benefits from such a program that would otherwise be counted in current monthly income, and the exclusion is even more important in a chapter 13 . . . case of an individual debtor because . . . the disposable income test . . . is based on current monthly income for all debtors, both above and below median income.

*Munger*, 370 B.R. at 25 (citing 2 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy* ¶ 101.10A, at 101-81 and 82 (15th ed. rev. 2007)). Thus, *Collier* implies that unemployment compensation benefits are properly excluded from the disposable income calculation.

      Judge Wedoff, on the other hand, writes that categorizing unemployment compensation as a "benefit under the Social Security Act" is a "strained interpretation . . . since unemployed individuals receive no benefits 'under the Social Security Act,' but only under programs adopted by their states, which may provide benefits beyond those that are federally funded." *Munger*, 370 B.R. at 24 (citing Eugene R. Wedoff, *Means Testing in the New § 707(B)*, 79 Am. Bankr. L.J. 231, 247 (Spring 2005)).

      This court finds the rationale as expressed by Judge Thomas in *Baden* persuasive.

      Accordingly, the court concludes that unemployment compensation is not a benefit received under the Social Security Act as that phrase is used in 11 U.S.C. § 101(10A)(B). Therefore, unemployment compensation cannot be excluded from "current monthly income" calculation to ultimately arrive at the debtors' disposable income. Accordingly, it is

      ORDERED that the trustee's objection is SUSTAINED, and confirmation of the plan proposed by the debtors is DENIED. It is

      FURTHER ORDERED that this case is DISMISSED effective June 11, 2009 unless the debtor amends the plan on or before the effective date in consonance with this order.

      Done this the 21st day of May, 2009.

      /s/ Dwight H. Williams, Jr.
      United States Bankruptcy Judge

c: Richard D. Shinbaum, Attorney for Debtors
   Curtis C. Reding, Trustee